```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

CEDRIC D. SEARIGHT, # 291520,  \*
\*
    Plaintiff,                          \*
\*
vs.                               \* CIVIL ACTION NO. 20-00120-KD-B
\*
CLEO TOLLIVER, *et al.*,         \*
\*
    Defendants.                    \*

**REPORT AND RECOMMENDATION**

This action is before the Court on review. Plaintiff Cedric D. Searight, an Alabama state prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

Upon review of Searight's complaint, the undersigned determined that it was not signed and was not on the form required by this Court for prisoner actions under § 1983. (See Doc. 1). The undersigned also observed that Searight's motion to proceed without prepayment of fees was not on the current form required by this Court, was not signed by an appropriate prison official, and did not include a copy of Searight's prisoner financial statement. (See Doc. 2). Accordingly, in an order dated June 3, 2020, the

Court directed Searight to sign and re-file his complaint on the Court's form for § 1983 prisoner actions by July 6, 2020. (Doc. 3 at 1). The Court also directed Searight to re-file his motion to proceed without prepayment of fees on the Court's current form for such motions, or in lieu thereof, to pay the statutory filing fee, by July 6, 2020. (Id. at 2). Searight was cautioned that failure to comply with the Court's order within the prescribed time or failure to immediately advise the Court of a change in address would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order. (Id.).

A copy of the Court's June 3, 2020 order, along with the Court's forms for § 1983 prisoner complaints and motions to proceed without prepayment of fees, were mailed to Searight at the Kilby Correctional Facility address listed in his complaint filed in February 2020. (See Doc. 1 at 6). The documents were not returned to the Court as undeliverable; however, a subsequent search of the Alabama Department of Corrections' website revealed that Searight had been transferred to Limestone Correctional Facility.[1]

In light of Searight's change of address, the Court, in an order dated July 14, 2020, directed the Clerk to mail another copy of the Court's June 3, 2020 order, along with the Court's forms

---

[1] Searight did not notify the Court of his change of address.

for § 1983 prisoner complaints and motions to proceed without prepayment of fees, to Searight at Limestone Correctional Facility. (Doc. 5 at 2). In the July 14, 2020 order, the Court ordered Searight to comply with each of the directives set forth in the Court's June 3, 2020 order by no later than August 14, 2020. (Id. at 2-3).[2] The Court again warned Searight that failure to comply with these directives within the prescribed time would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and obey the Court's order. (Id. at 3).

Searight failed to respond to either of the Court's orders; thus, the Court issued yet another order, directing him to show cause, by September 10, 2020, for his failure to comply with the Court's previous orders. (Doc. 6 at 3). Once again, the Court warned Searight that failure to timely comply with the order would result in the dismissal of this action without prejudice for failure to prosecute and obey the Court's orders. (Id.). A review of the docket reflects that, to date, Searight has not responded to or shown cause for his failure to comply with any of the Court's orders in this case, despite being directed to do so.

---

[2] As noted *supra*, the June 3, 2020 order directed Searight to sign and re-file his complaint on the Court's required form for § 1983 prisoner complaints, and to either file his motion to proceed without prepayment of fees using the Court's current form for such motions or pay the statutory filing fee. (Doc. 3).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order.  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In light of Searight's failure to comply with the Court's orders dated June 3, 2020, July 14, 2020, and August 18, 2020, and upon consideration of the alternatives available to the Court, it

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

is recommended that this action be **DISMISSED** without prejudice[4] pursuant to Rule 41(b) due to Searight's failure to prosecute and his willful failure to obey the Court's orders, as no lesser sanction will suffice.[5]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

---

[4] The Court notes that the acts or omissions complained of in Searight's complaint are alleged to have occurred on or about December 2, 2019. (See Doc. 1). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Searight would have the ability to re-file his claims prior to the expiration of the two-year statute of limitations.

[5] The Court notes that, until recently, Searight had another § 1983 action pending in this Court. See Searight v. McCord, No. 1:20-cv-00171-KD-N (S.D. Ala. 2020). That action, in which Searight complained of what appears to be the same incident that is the subject of the instant action, was transferred to this Court from the Middle District of Alabama in March 2020. See id., ECF No. 1, 6. Searight v. McCord was dismissed without prejudice pursuant to Rule 41(b) on September 11, 2020, due to Searight's failure to prosecute and failure to comply with Court directives to file his complaint on this Court's form, and to file his motion to proceed without prepayment of fees on this Court's form or pay the statutory filing fee. See id., ECF No. 7, 8, 9, 10, 11, 12.

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **18th** day of **September, 2020.**

>    /S/ SONJA F. BIVINS
>    **UNITED STATES MAGISTRATE JUDGE**